IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA HRICENAK, | No. 4:21-CV-00694 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| MICKEY TRUCK BODIES and KEVIN TURPIN, | |
| Defendants. | |

## MEMORANDUM OPINION

### MARCH 10, 2022

Not all wrongs justify renumeration from all perceived offenders. Cynthia Hricenak filed suit against her former employer, Mickey Truck Bodies, and supervisor, Kevin Turpin, alleging sex discrimination and hostile work environment under both federal and state law. But the governing federal law establishes liability exclusively for employers, not individual employees, and employee liability under the state law exists in only limited circumstances—circumstances that do not exist here. Accordingly, Hricenak's claims against Turpin are dismissed. That said, and notwithstanding a minor procedural mishap, the claims against Mickey Truck may proceed. The Defendants' motion to dismiss is therefore granted in part, denied in part.

I.  **BACKGROUND**

On October 2, 2017, North Carolina-based manufacturer Mickey Truck opened a production facility in Berwick, Pennsylvania.[1] In the two years that followed, Plaintiff Cynthia Hricenak held senior positions at the Berwick facility, often functioning as the facility's Plant Manager.[2] But during this period, Hricenak was consistently paid less than similarly situated male employees, denied promotions or demoted because of her sex, and verbally harassed.[3] Mickey Truck also refused Hricenak's requests for a performance review and company laptop despite offering both to similarly situated male employees.[4]

There is no indication that Defendant Kevin Turpin, who became the Berwick facility Plan Manager in July 2019, was involved in Mickey Truck's adverse employment actions against Hricenak.[5] However, after Turpin assumed authority over the Berwick facility, he repeatedly "snapped at" Hricenak in front of other Mickey Truck employees and blamed Hricenak "for failing to do various jobs that were not her responsibility."[6]

---

[1]  Doc. 1 ¶¶ 5, 17.
[2]  *Id.* ¶¶ 17–18, 21–25.
[3]  *Id.* ¶¶ 17–26.
[4]  *Id.* ¶¶ 22, 26, 29.
[5]  *See id.* ¶¶ 17–26.
[6]  *Id.* ¶¶ 30–39.

On September 10, 2019, Mickey Truck fired Hricenak, the final act of discrimination alleged.[7] Under the Pennsylvania Human Rights Act (the "Human Rights Act"), Hricenak was required to file a complaint with the Pennsylvania Human Relations Commission (the "Human Relations Commission" or "Commission") within the next 180 days—that is, by Sunday, March 8, 2020.[8]

Hricenak attempted to file her administrative complaint on Friday, March 6, 2020, two days before the 180-day deadline.[9] Because she was unable to file the administrative complaint electronically, she faxed it to a number she found on the Commission's website.[10] The Commission did not receive this fax.[11] The following Monday, Hricenak faxed the administrative complaint again, this time using a different fax number.[12] The Commission received this fax and recorded Hricenak's administrative complaint as filed on March 9, 2020—one day after the 180-day deadline.[13] The Commission promptly dismissed Hricenak's administrative complaint, explaining that it was either outside the Commission's jurisdiction, untimely, or frivolous on its face.[14]

---

[7] *Id.* ¶ 26; *see also* Doc. 9 at 8 ("[I]t is undisputed that [Hricenak] was terminated on September 10, 2019," and Hricenak "therefore was required to file a charge of discrimination with the [Commission] . . . one hundred and eighty days from her termination."), *accord* Doc. 10 at 6 ("[T]he 180-day period began running on September 10, 2019, when [Hricenak] was terminated by [Mickey Truck].").
[8] 43 Pa. Stat. § 959(h).
[9] Doc. 10 at 7.
[10] *Id.* at 2, 7.
[11] *Id.*
[12] *Id.*
[13] Doc. 9 at 8; Doc. 10 at 2, 7–8.
[14] Doc. 9, Ex. C.

Hricenak filed this suit against Mickey Truck and Turpin in April 2021, alleging sex discrimination and hostile work environment under Title VII of the Civil Rights Act of 1861[15] and sex discrimination under the Human Rights Act.[16] The Defendants moved to dismiss the Complaint on August 11, 2021.[17] That motion has been fully briefed and is now ripe for disposition.[18]

## II. LAW

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[19] and *Ashcroft v. Iqbal*,[20] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[21] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-

---

[15] 42 U.S.C. §§ 2000 *et seq.*
[16] 43 Pa. Stat. § 955(a).
[17] Doc. 8.
[18] Doc. 9; Doc. 10; Doc. 11.
[19] 550 U.S. 544 (2007).
[20] 556 U.S. 662 (2009).
[21] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[22]

## III.  ANALYSIS

### A.  Counts I (Sex Discrimination) and II (Hostile Work Environment)

The Defendants first move to dismiss Counts I and II as to Defendant Kevin Turpin, arguing that "individual employees cannot be held liable under Title VII."[23] Hricenak "acknowledges and concedes" that Title VII establishes only employer liability, and therefore "Turpin is not individually liable for sex discrimination and hostile work environment under Title VII."[24] Accordingly, Counts I and II against Turpin are dismissed with prejudice.

### B.  Count III (Sex Discrimination under Pennsylvania Human Relations Act)

Next, the Defendants argue that Count III should be dismissed for two reasons. First, the Defendants contend that Hricenak failed to exhaust her administrative remedies because she did not submit her initial complaint to the Human Relations Commission within the prescribed 180-day period.[25] Second, the Defendants argue that Count III should be dismissed as to Turpin because under the Human Relations Act, individual defendants can be held liable only for aiding

---

[22] *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).
[23] Doc. 9 at 5 (citing *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996)).
[24] Doc. 10 at 5.
[25] Doc. 9 at 7–9.

and abetting the unlawful discriminatory practices of his employer, and the Complaint contains no allegations that Turpin aided or abetted Mickey Truck's alleged discriminatory actions.[26] Although the Court declines to dismiss the Complaint based on the former, it finds the latter persuasive.

### 1. Failure to Exhaust Administrative Remedies

A plaintiff filing suit under the Human Rights Act must first file an administrative complaint with the Human Relations Commission within 180 days of the alleged act of discrimination.[27] An administrative complaint "will be deemed filed on the date received by the Commission."[28] The Third Circuit explains that "[i]f a plaintiff fails to file a timely complaint with the [Commission], then he or she is precluded from judicial remedies under the [Human Rights Act]."[29]

That said, the Human Rights Act "allows for the tolling of statutory time limitations based upon," among other things, "equitable tolling."[30] Describing equitable tolling as an "umbrella concept" that "encompass[es] a variety of rationales for tolling a statute of limitations," the Supreme Court of Pennsylvania has identified "three, non-exclusive, situations" where equitable tolling is

---

[26] *Id*. at 6; Doc. 11 at 2–4.
[27] *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 164 (3d Cir. 2013) (citing 43 Pa. Stat. § 959(h)).
[28] 16 Pa. Code 42.14(c); *see also Cunningham v. Freedom Ford Sales, Inc.*, 2007 WL 2404739, at *4 (W.D. Pa. Aug. 17, 2007) ("A charge is deemed filed on the day it is received by the [Commission] regardless if it is filed by the complainant or if it is transmitted by the EEOC.").
[29] *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997).
[30] *Nicole B. v. School District of Philadelphia*, 237 A.3d 986, 995 (Pa. 2020) (citing 43 Pa. Stat. § 962(e)).

appropriate: (1) "where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action"; (2) "where the plaintiff in some extraordinary way has been prevented from asserting his or her rights"; and (3) "where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."[31] The Pennsylvania Supreme Court instructs that within the Human Rights Act, which "contains an extremely short limitations period," the phrase "equitable tolling" should be "broadly interpreted":

> [T]he primary purpose of the [Human Rights Act] is to address, prevent, eliminate, and remedy unlawfully discriminatory conduct. Denying [alleged victims] the right to be heard by the Human Relations Commission, and to recover for wrongful discriminatory conduct, through an overly restrictive interpretation of the phrase 'equitable tolling' would defeat the very purpose and policies upon which the [Human Rights Act] is based.[32]

Here, equitable tolling is appropriate. Hricenak tried to exercise her rights under the Human Rights Act in the manner prescribed. She sent her administrative complaint to the Commission within the required 180-day timeframe using a fax number listed on the Commission's website.[33] And when she learned that she sent it to the wrong number, Hricenak remedied her error the next business day and sent the administrative complaint to the appropriate fax number.[34]

---

[31] *Id*. at 996 (internal quotation marks and citation omitted).
[32] *Id*. at 998; *see also* 43 Pa. Stat. § 962(a) ("The provisions of this act shall be construed liberally for the accomplishment of the purposes thereof.").
[33] Doc. 10 at 2, 7.
[34] Doc. 9 at 8; Doc. 10 at 2–3, 7–8.

Under these circumstances, tolling the limitations period for two days accords with the broader principles of equity and the Pennsylvania Supreme Court's admonition against adopting "an overly restrictive interpretation of the phrase 'equitable tolling'" in the Human Rights Act. The administrative process is designed to resolve discrimination claims fairly and expeditiously—not to forever foreclose recovery due to minor procedural mishaps.[35] The Defendants' motion to dismiss Count III on this basis is therefore denied.

### 2. Failure to State a Claim Against Turpin

Separately, the Defendants argue that that Count III should be dismissed as to Turpin because the Human Rights Act's "intentional discrimination provision is intended to redress the discriminatory employment practices of employers—not individual employees"—and the Complaint lacks "any assertion that *Defendant Turpin* aided or abetted any of the alleged discriminatory actions asserted against [Mickey Truck]."[36] On this, the Court agrees with the Defendants.

Under § 955(e) of the Human Rights Act, an individual supervisor may be held liable for "aiding and abetting the unlawful discriminatory practices of [his] employer."[37] However, the Third Circuit has held that § 955(e) does not impose

---

[35] *See Frye v. Central Transportation Inc.*, 409 A.2d 2, 4 (Pa. 1979).
[36] Doc. 11 at 3.
[37] *Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542, 552 (3d Cir. 1996) (citing 43 Pa. Stat. § 955(e)).

liability on individuals for "direct incidents of [their] harassment," explaining that "[s]uch incidents are not covered by the terms of § 955(e)."[38]

Here, Hricenak alleges that during her employment with Mickey Truck, she was subjected to "disparate treatment and adverse employment actions . . . on the basis of her sex."[39] Specifically, Hricenak asserts that she was repeatedly passed over for a promotion to Plant Manager and that even when she performed the duties of Plant Manager, she received less pay than the various men who held that position.[40] However, absent from the Complaint are any allegations that Turpin was in any way involved in those adverse employment decisions. Indeed, nearly all the adverse employment decisions alleged occurred before Mickey Truck hired Turpin.[41] And the allegations of discriminatory employment actions that occurred after Turpin assumed his position as the Berwick facility Plant Manager—that is, Mickey Truck's refusal to conduct a performance review in August 2019 and termination of Hricenak's employment the following month—make no mention of Turpin.[42]

The Complaint does, however, include allegations of harassment by Turpin. Specifically, Hricenak asserts that Turpin "verbally harassed her and demeaned her

---

[38] Id. at 553.
[39] Doc. 1 ¶ 44.
[40] Id. ¶¶ 17–26.
[41] Id.
[42] Id. ¶ 26.

in front of a number of people at the facility."[43] But because "direct incidents of [an individual defendant's] harassment . . . are not covered by the terms of § 955(e),"[44] these allegations do not support a claim for Turpin's individual liability under the Human Rights Act.[45]

## IV.   CONCLUSION

In pursuing this case for sex discrimination, Hricenak names as defendants both her former employer, Mickey Truck, and former supervisor, Turpin. But Title VII does not establish liability for individual employees and the allegations do not support individual liability for Turpin under the Human Rights Act. Counts I–III against Turpin are therefore dismissed, the first two with prejudice and the third without. If Hricenak wishes to plead over on Count III, she may do so. That said, all three counts against Mickey Truck may proceed.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[43] *Id.* ¶ 30.
[44] *Dici*, 91 F.3d at 553.
[45] In their Reply, the Defendants raise the separate issue of whether the allegations involving Turpin in Count II (hostile work environment) concern conduct proscribed by Title VII or "relate more particularly to the niceties on the workplace." Doc. 11 at 3. The Court's dismissal of Counts I–III against Turpin renders this issue immaterial to the instant motion; however, it is true that the Complaint, in its current form, "do[es] not assert any behavior [by Turpin] actually motivated or based on [Hricenak's] sex." *Id.*