IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA HRICENAK, | No. 4:21-CV-00694 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MICKEY TRUCK BODIES, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

SEPTEMBER 22, 2022

Presently before the Court is Mickey Truck Bodies ("Mickey Truck") and Kevin Turpin's (collectively "Defendants") motion to dismiss[1] Count 3 of Cynthia Hricenak's amended complaint[2] as against Turpin. This motion, having been fully briefed,[3] is ripe for disposition. For the following reasons, the Court will grant Defendants' motion.

**I.   BACKGROUND**

In October 2017, North Carolina-based manufacturer Mickey Truck opened a production facility in Berwick, Pennsylvania.[4] In the two years that followed, Hricenak held senior positions at the Berwick facility, and often functioned as the

---

[1]   Doc. 17.
[2]   Doc. 16.
[3]   Docs. 18, 20, 22.
[4]   Doc. 16 ¶¶ 5, 17.

facility's plant manager.[5] However, during this period, Hricenak was consistently paid less than similarly situated male employees, denied promotions or demoted because of her sex, and verbally harassed.[6] Mickey Truck also refused Hricenak's requests for a performance review and company laptop despite offering both to similarly situated male employees.[7]

There is no indication that Turpin, who became the Berwick facility plant manager in July 2019, was involved in Mickey Truck's adverse employment actions against Hricenak.[8] However, after Turpin assumed authority over the Berwick facility, he repeatedly "snapped at" Hricenak in front of other Mickey Truck employees, verbally harassed her, and blamed Hricenak "for failing to do various jobs that were not her responsibility."[9] Turpin also forced Hricenak to do some work that was traditionally assigned to individuals in a lower position—that of "lead man"—and informed Hricenak that she would need to work on Saturdays if Mickey Truck did not meet its goals, although neither Turpin nor Hricenak's lead man would be required to work on Saturdays.[10] Turpin further informed Hricenak that she could no longer meet directly with her lead man, once walked down the hall stating "support, support, support"—thereby implying that any problems that occurred at

---

[5] *Id.* ¶¶ 17–18, 21–25.
[6] *Id.* ¶¶ 17–26.
[7] *Id.* ¶¶ 22, 26, 29.
[8] *See id.* ¶¶ 17–26.
[9] *Id.* ¶¶ 30–39, 48.
[10] *Id.* ¶¶ 32-36, 50.

the facility were Hricenak's fault—and once failed to ask Hricenak how to fix a problem with a truck, despite the fact that she "had always handled problems with trucks and transportation as part of her job."[11]

On September 10, 2019, Mickey Truck fired Hricenak—the final act of discrimination alleged.[12] Hricenak thereafter filed suit against Mickey Truck and Turpin, alleging sex discrimination and hostile work environment under Title VII of the Civil Rights Act of 1861[13] and sex discrimination under the Pennsylvania Human Rights Act ("PHRA").[14] The Defendants moved to dismiss the Complaint in August 2021,[15] and this Court granted in part and denied in part that motion.[16]

As relevant here, the Court determined that Title VII claims of sex discrimination and a hostile work environment against Turpin failed as a matter of law, as those claims may not be brought against employees in their individual capacities.[17] The Court further concluded that Hricenak's claim for sex discrimination under the PHRA against Turpin failed, since employees may not be held individually liable for discrimination but, instead, may only be held liable for aiding and abetting their employer's action, and there were no allegations contained

---

[11] Id. ¶¶ 47-51.
[12] Id. ¶ 26.
[13] 42 U.S.C. §§ 2000 et seq.
[14] 43 Pa. Stat. § 955(a).
[15] Doc. 8.
[16] Docs. 14, 15.
[17] Doc. 14 at 5.

in the complaint that demonstrated Turpin aided and abetted Mickey Truck.[18] To the contrary, this Court noted that "nearly all the adverse employment decisions alleged occurred before Mickey Truck hired Turpin" and the only two acts that occurred after Turpin was hired did not mention Turpin.[19] The Court therefore dismissed all claims against Turpin, but permitted Hricenak to amend her complaint to attempt to remedy the defects in her PHRA claim against Turpin.[20]

## II. LAW

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[21] and *Ashcroft v. Iqbal*,[22] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption

---

[18] *Id.* at 8-10.
[19] *Id.* at 9.
[20] Doc. 15.
[21] 550 U.S. 544 (2007).
[22] 556 U.S. 662 (2009).
[23] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[24]

## III. ANALYSIS

### A. Motion to Dismiss

Defendants seek dismissal of Hricenak's PHRA claim against Turpin on the ground that she has again failed to adequately plead any facts that would establish Turpin aided and abetted Mickey Truck in its gender discrimination against Hricenak.[25] Hricenak responds that she has adequately pled that Turpin engaged in numerous acts of harassment against her and that "it may be inferred that he intentionally discriminated against Plaintiff because of her sex and failed to take steps to remedy the disparate treatment Plaintiff was subjected to at" Mickey Truck.[26]

As this Court discussed in its Memorandum Opinion granting in part Defendants' first motion to dismiss, under § 955(e) of the PHRA, an individual supervisor may be held liable for "aiding and abetting the unlawful discriminatory practices of [his] employer."[27] However, the Third Circuit has held that § 955(e)

---

[24] *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).
[25] Doc. 18.
[26] Doc. at 7; *see id.* at 5-7.
[27] *Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542, 552 (3d Cir. 1996) (citing 43 Pa. Stat. § 955(e)).

does not impose liability on individuals for "direct incidents of [their] harassment," explaining that "[s]uch incidents are not covered by the terms of § 955(e)."[28]

Hricenak's allegations again fail to demonstrate that Turpin aided and abetted Mickey Truck's alleged sex discrimination. In her amended complaint, Hricenak again alleges that during her employment with Mickey Truck, she was subjected to "disparate treatment and adverse employment actions . . . on the basis of her sex."[29] Specifically, Hricenak asserts that she was not given performance reviews, was repeatedly passed over for a promotion to Plant Manager, and that, even when she performed the duties of Plant Manager, she received less pay than the various men who held that position.[30]

However, again absent from the amended complaint are any allegations that Turpin was in any way involved in Mickey Truck's adverse employment decisions. Again, nearly all of the adverse employment decisions alleged here occurred before Mickey Truck hired Turpin.[31] And the allegations of discriminatory employment actions that occurred after Turpin assumed his position as the Berwick facility plant manager—that is, Mickey Truck's refusal to conduct a performance review in August 2019 and the termination of Hricenak's employment the following month—again make no mention of Turpin.[32]

---

[28] *Id*. at 553.
[29] Doc. 16 ¶ 44.
[30] *Id*. ¶¶ 17–26.
[31] *Id*.
[32] *Id*. ¶ 26.

The amended complaint again includes allegations of individual harassment by Turpin and expands those allegations with new instances of harassment. Specifically, Hricenak asserts that Turpin "verbally harassed her and demeaned her in front of a number of people at the facility."[33] Turpin also informed Hricenak that she may need to work on Saturdays while others would not,[34] blamed Hricenak for failing to perform tasks that were not her responsibility,[35] informed Hricenak that she was no longer permitted to speak with her lead man,[36] once walked down the hall stating "support, support, support," thereby implying that any problems that occurred at the facility were Hricenak's fault,[37] and once failed to ask Hricenak how to fix a problem with a truck, despite the fact that she "had always handled problems with trucks and transportation as part of her job."[38] But, as this Court noted in granting Defendants' first motion to dismiss, because "direct incidents of [an individual defendant's] harassment . . . are not covered by the terms of § 955(e),"[39] such allegations of individual harassment do not support a claim for Turpin's individual liability under the PHRA.

Although Hricenak asserts that Turpin's harassment was connected with Mickey Truck's discrimination, other than making the broad legal assertion that

---

[33] *Id.* ¶ 30. *See also id.* ¶ 48.
[34] *Id.* ¶¶ 32-34.
[35] *Id.* ¶¶ 35-36.
[36] *Id.* ¶ 47.
[37] *Id.* ¶ 49.
[38] *Id.* ¶ 51.
[39] *Dici*, 91 F.3d at 553.

"Turpin aided and abetted [Mickey Truck in its discrimination] on numerous occasions,"[40] Hricenak fails to actually connect Turpin with any of the discriminatory acts allegedly committed by Mickey Truck, and fails to connect any of the harassment in which Turpin allegedly engaged with the sex discrimination committed by Mickey Truck. Hricenak has therefore again failed to adequately allege facts that would support the notion that Turpin aided and abetted Mickey Truck in allegedly violating the PHRA by engaging in gender discrimination against Hricenak, and Defendants' motion to dismiss will be granted.

### B. Whether to Grant Leave to Amend

Having carefully considered the claims set forth in the amended complaint, Hricenak will be not granted leave to file a second amended complaint. The Third Circuit has directed that, when a complaint is vulnerable to dismissal under Rule 12(b)(6), a court "must permit a curative amendment unless such an amendment would be inequitable or futile."[41] The Third Circuit has also stated that:

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.[42]

---

[40] Doc. 16 ¶ 46.
[41] *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).
[42] *Id.*

With respect to futility, the Third Circuit has sanctioned denial of leave to amend "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."[43] Here, this Court previously dismissed Hricenak's PHRA claim as against Turpin after concluding that Hricenak failed to plead facts that could establish Turpin aided and abetted Mickey Truck, and instead alleged facts that only demonstrated Turpin engaged in individual actions to harass Hricenak, which is not actionable under the PHRA.[44] Hricenak has added more instances of individual harassment by Turpin, but her allegations again remain woefully inadequate, and she has again failed to allege any facts that could establish Turpin aided and abetted Mickey Truck. Consequently, it appears to the Court that there are no additional facts that Hricenak could aver to support her allegations against Turpin. Further amendment would therefore be futile, and Hricenak's PHRA claim against Turpin will be dismissed with prejudice.

## IV.  CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss Hricenak's PHRA claim as against Turpin is granted.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[43] *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).
[44] Doc. 14 at 8-10.